**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAWRENCE W. LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:25-cv-00857-SEP |
| | ) | |
| MELISSA COOPER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Lawrence Logan's Application to Proceed in the District Court Without Prepaying Fees or Costs, Doc. [3].  The Court finds Plaintiff lacks sufficient funds to pay the entire filing fee and assesses an initial partial filing fee of $13.41. Further, on initial review, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### INITIAL PARTIAL FILING FEE

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10 until the filing fee is fully paid.  *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of Plaintiff's account indicates an average monthly balance of $65.72 and an average monthly deposit of $67.06.  Plaintiff lacks sufficient funds to pay the entire filing fee, so the Court will assess an initial partial filing fee of $13.41.

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.  The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law."  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel."  *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff filed this action on a Court-provided form for a prisoner civil rights action under 42 U.S.C. § 1983 against Washington County Prosecutor's Office Investigator Melissa Cooper;

Washington County Circuit Court Clerk Ashley Gum; Washington County Associate Circuit Court Judge Tony Dorsett; and Washington County Prosecutor John I. Jones, IV.

Plaintiff is incarcerated at Potosi Correctional Center (PCC) in Mineral Point, Missouri. In 2005, he was convicted of second-degree murder and armed criminal action in Cass County, and in 2016, he was convicted of another count of second-degree murder in a separate case in Buchanan County. *See State v. Logan*, Case Nos. CR104-6FX, 16BU-CR00420-01. Plaintiff is serving a life sentence for one murder count and two 30-year sentences for the other murder and armed criminal action counts. His sentences are consecutive. *See id.*

Plaintiff alleges that, in February of 2023, a felony assault action was filed against him in Washington County Circuit Court in Potosi, Missouri. *See State v. Logan*, No. 24WA-CR00728; Doc. [1] at 9. The case was presided over by Judge Dorsett and prosecuted by Prosecutor Jones. Plaintiff states that the matter was dismissed by Jones with prejudice. Doc. [1] at 10.

Plaintiff argues that he was subjected to malicious prosecution by Prosecutor Jones and Investigator Cooper, whom he accuses of seeking an arrest warrant without probable cause. Doc. [1] at 5-6. Plaintiff asserts that Judge Dorsett violated his rights by issuing the arrest warrant, "maliciously impos[ing] a bond," and arraigning him. *Id.* at 7-9. Plaintiff accuses Circuit Clerk Gum of "maliciously" making false entries on the court docket. *Id.* at 9.

Plaintiff seeks compensatory and punitive damages.

## DISCUSSION

On initial review, Plaintiff's case must be dismissed because he has sued Defendants who are immune from suit. Several of Plaintiff's claims are also too conclusory to state a claim.

Plaintiff names as a Defendant Judge Tony Dorsett of the Washington County Circuit Court, who presided over Plaintiff's state court criminal case. Judges enjoy absolute judicial immunity from suit for actions taken in their judicial capacity, allowing them to exercise the authority with which they are vested and to act on their own convictions. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity applies even when a judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). And "a judge will

-3-

not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

Plaintiff's allegations against Judge Dorsett arise out of acts done within his jurisdiction and judicial capacity. Plaintiff states that Judge Dorsett issued a warrant for his arrest "that was unsupported by probable cause," "maliciously imposed a bond [against him]," and asked Plaintiff to plead in an arraignment held in open court, in violation of his due process rights. Doc. [1] at 7-9. Because the allegations fall squarely within the category of activity for which Judge Dorsett is immune from suit, Plaintiff's claims against Judge Dorsett will be dismissed.

Like judges, prosecutors are immune from 42 U.S.C. § 1983 liability for actions taken within the scope of their prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982); *see also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he is acting as an advocate for the State in a criminal prosecution. *Id*.

Plaintiff's allegations against Defendant Jones relate to actions taken in prosecuting Plaintiff's underlying criminal case. For example, Plaintiff complains that Prosecutor Jones "filed a felony information disguised as a felony complaint." Doc. [1] at 6. He also claims that the felony information "was completely unsupported by probable cause pursuant to state law." *See id*. Plaintiff does not explain how the information lacked probable cause. He makes the conclusory statement that "Defendant Jones claimed under oath that there was probable cause to believe that [P]laintiff committed assault first degree—a class A felony under RSMo 565.050." *See id*. But he fails to indicate what was false about the statement.

Because Plaintiff complains of actions taken in the performance of Jones's prosecutorial duties, Jones is entitled to absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 418-24 (1976) (finding that in "initiating a prosecution and in presenting the State's case" the prosecutor is absolutely immune). In addition, a plaintiff may not simply rest on conclusory statements in a § 1983 action. He must allege specific violations of his rights and indicate which defendants acted unlawfully with respect to those violations. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). Plaintiff has failed to do that with respect to Defendant Jones, and so his claims

-4-

against Jones will be dismissed both because Jones is entitled to absolute immunity and because Plaintiff's allegations against him are conclusory in nature.

Plaintiff's allegations against Defendant Cooper, an investigator with the Washington County Prosecutor's Office, are dismissed for similar reasons. Plaintiff claims that Cooper engaged in "malicious prosecution" by filing a "false affidavit" to charge him with committing felony assault under RSMo 565.050. Doc. [1] at 5. According to Plaintiff, Defendant Cooper violated his rights by stating, "under oath and affirmation that she had probable cause to believe this." *See id*. Because Cooper performed a quasi-prosecutorial function as a member of the Washington County Prosecutor's Office, she also enjoys absolute immunity for the alleged actions. *See, e.g.*, *Webster v. Bronson*, 402 Fed. Appx. 280, 282 (8th Cir. 2010) (County family court investigator was entitled to absolute immunity against § 1983 claims because actions were quasi-prosecutorial in nature). And Plaintiff again fails to articulate *how* Cooper's affidavit was false or misleading. Although a pro se complaint is liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007), such pleadings still cannot be merely conclusory; they must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Like his allegations against Jones, Plaintiff's allegations against Cooper are too conclusory to state a claim.

Finally, Circuit Court Clerk Gum is also immune from suit for the actions she is alleged to have taken. According to Plaintiff, Gum "made false entrys [sic] upon a public record (the docket sheet) in violation of state law." Doc. [1] at 9. The Eighth Circuit has extended quasi–judicial immunity to state employees—such as court clerks—performing acts that are "integral parts of the criminal justice process.". *Boyer v. Cnty. of Wash.,* 971 F.2d 100, 102 (8th Cir. 1992). In this case, it appears that Plaintiff is alleging that Defendant Gum made a mistake on an entry on the docket, which would be an act protected by quasi-judicial immunity because the handling of court records is an integral part of the criminal justice process. *See Ayers v. Reynolds*, 60 F.3d 830, 831 (8th Cir. 1995) (court clerk entitled to quasi-judicial immunity for failing to correctly file order on docket or transmit certified record because such "functions [are]

-5-

closely associated with the judicial process"); *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (court clerk entitled to quasi-judicial immunity because the filing of complaints and other documents on the docket "is an integral part of the judicial process"). All allegations against Defendant Gum are therefore subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in the District Court without Prepaying Fees and Costs, Doc. [3], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $13.41 within **30 days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [2], is **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of March, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

-6-